IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVIE DIFRISCHIA,<br><br>Plaintiff,<br><br>v.<br><br>LUTHERAN SENIORLIFE, INC., d/b/a LIFE LAWRENCE COUNTY, and VIECARE BEAVER, LLC d/b/a LIFE BEAVER<br><br>Defendant. | Civil Action No. 22-641<br>Judge Nora Barry Fischer |
| STEVIE DIFRISCHIA,<br><br>Plaintiff,<br><br>v.<br><br>VIECARE BEAVER, LLC d/b/a LIFE BEAVER<br><br>Defendant. | Civil Action No. 22-1668<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 23rd day of February, 2023, upon consideration of the Motion to Dismiss and Motion to Strike filed by Defendants Lutheran Seniorlife, Inc. ("Seniorlife") and Viecare Beaver, LLC ("Viecare") in Civ. A. No. 22-641, (Civ. A. No. 22-641, Docket No. 45); the Motion to Dismiss filed by Viecare in Civ. A. No. 22-1668, (Civ. A. No. 22-1668, Docket No. 11), Plaintiff Stevie Difriscia's Responses thereto, (Civ. A. No. 22-641, Docket Nos. 50, 59), and the multiple briefs filed with respect to these motions, (Civ. A. No. 22-641, Docket Nos. 46, 51, 56, 58, 59; Civ. A. No. 22-1668, Docket No. 12), in light of the relevant standards governing Motions to Dismiss and Strike under Rules 12(b)(6) and 12(f), respectively, as well

1

as the discretion afforded to the Court to manage cases on its docket so as to avoid duplicative litigation, *see e.g.*, *McKenna v. City of Philadelphia*, 304 F. App'x 89, 91 (3d Cir. 2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), and "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court hereby ORDERS the following:

1. Defendant Viecare's Motion to Dismiss Plaintiff's Complaint in Civ. A. No. 22-1668 [11] is GRANTED and Plaintiff's Complaint in Civ. A. No. 22-1668 [1] is DISMISSED, without prejudice, to Plaintiff litigating her claims against Viecare in Civ. A. No. 22-641. To that end, the U.S. Court of Appeals for the Third Circuit has held that a plaintiff is prohibited from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant," and this Court exercises its discretion to dismiss the latter-filed action, without prejudice, to Plaintiff pursuing her claims against Viecare in Civ. A. No. 22-641. *McKenna*, 304 F.App'x at 91; *see also Pletcher et al. v. Giant Eagle et al.*, Civ. A. No. 21-1361, Docket No. 4 (W.D. Pa. Nov. 10, 2021). The Clerk of Court shall mark Civil A. No. 22-1668 CLOSED.

2. Defendants Seniorlife and Viecare's Motion to Dismiss Plaintiff's Third Amended Complaint in Civ. A. No. 22-641 [45] is GRANTED, in part, and DENIED, in part. Said Motion is granted insofar as Plaintiff has withdrawn her disability discrimination and failure to accommodate claims (Counts IV, V, X, XI) but denied in all other respects. At the outset, Defendants previously filed an Answer to Plaintiff's First Amended Complaint containing essentially the same claims and raised affirmative defenses rather than moving to dismiss under Rule 12(b)(6). (*See* Docket Nos. 12, 16). Hence, Defendants' present

objections to the sufficiency of the FMLA retaliation and joint employer allegations are not well taken because Plaintiff's Third Amended Complaint includes more robust factual allegations than her earlier pleadings and after evaluating the current pleading under the relevant standard, the Court finds that Plaintiff has plausibly stated claims for relief under these theories. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022).

Likewise, Plaintiff's Title VII claims are not subject to dismissal under Rule 12(b)(6) based on Defendants' assertion of the affirmative defenses of administrative exhaustion and the statute of limitations because those defenses are not clear on the face of the Third Amended Complaint, Plaintiff is not required to plead around the affirmative defenses and she may be able to overcome those defenses with evidence obtained through discovery supporting equitable tolling or relation back of her amendments to the EEOC charges. *See e.g., Burg v. U.S. Dept. of Health and Human Serv.*, 387 F. App'x 237, 241, n.6 (3d Cir. 2010) (citing *Brown v. Cook*, 312 F.3d 109, 111 (3d Cir. 2002)) (exhaustion of administrative remedies is affirmative defense); *Silla v. Holdings Co. LP*, 2021 WL 4206169, *1-2 (3d Cir. 2021) (vacating District Court order dismissing Title VII claim based on statute of limitations as affirmative defense was not clear on the face of the complaint and plaintiff should have been afforded discovery on equitable tolling); *Schmidt v. Skolas*, 770 F.3d 241, 249-51 (3d Cir. 2014) (to warrant dismissal under Rule 12(b)(6), affirmative defenses such as statute of limitations must be clear on the face of the complaint and the Court may not require a plaintiff to plead around an affirmative defense).

Finally, Plaintiff has provided a proposed Fourth Amended Complaint containing

3

placeholder counts for PHRA claims which she admits have not yet been exhausted. (Docket No. 51-1). As is routine practice in employment discrimination matters, the Court has already granted Plaintiff leave to add the PHRA claims after she is authorized to pursue those claims in this Court. (Docket Nos. 32, 33). It appears that the parties agree that the PHRC maintains jurisdiction over those claims until one year after the charges were filed on April 26, 2022, or until April 26, 2023. (Docket Nos. 46, 51). Hence, the Court grants Plaintiff leave to add her PHRA claims to her proposed Fourth Amended Complaint and to file her Fourth Amended Complaint by **May 17, 2023**. Defendants shall file their Answer by **May 31, 2023**.

3. Defendants' Motion to Strike in Civil A. No. 22-641 [53] is DENIED. Motions to strike under Rule 12(f) are disfavored and only apply to allegations set forth in pleadings such that Defendants' Motion seeking to strike statements by opposing counsel in the previously filed motion for extension of time is procedurally defective. *See PG Publ'g Co. v. Aichele*, 902 F. Supp. 2d 724, 735 (W.D. Pa. 2012), *aff'd*, 705 F.3d 91 (3d Cir. 2013)). Beyond such deficiencies, the motion is untimely and moot as the Court granted the requested extension of time 20 days before this motion was filed and fact discovery was extended to end on April 17, 2023 under that Order. (Docket No. 49). In addition, the most recent Joint Status Report of February 17, 2023 indicates that a further extension of the period for fact discovery may be necessary. (Docket No. 60). To the extent that the parties' briefing criticizes opposing counsel, (in footnotes or otherwise), "[c]ounsel should not have to be reminded that this is a court of law, where justice is paramount. It is not an appropriate forum for counsel to litigate personal grudges and engage in ad hominem attacks, through briefing filed with the Court, at oral argument, during proceedings or

otherwise." *United States v. Kubini*, 304 F.R.D. 208, 212 (W.D. Pa. 2015).[1] Finally, the parties are directed to comply with the dictates of Rule 1 and to work cooperatively to complete all outstanding discovery. *See* Fed. R. Civ. P. 1 (Federal Rules to be employed by the Court and parties in order "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

   IT IS SO ORDERED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

cc/ecf: All counsel of record.

---

[1] *See also Practices and Procedures of Judge Nora Barry Fischer*, § I.I "Conduct of Attorneys", *available at:* https://www.pawd.uscourts.gov/sites/pawd/files/Fischer_Practices_Procedures_2_16_22.pdf (effective 2/16/2022).